UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TAMMY BASTIN, Administratrix and Personal Representative of the Estate of Brittney C. Shoap, Deceased, ) ) ) ) Plaintiff, ) ) V. ) ) ) FORD MOTOR COMPANY, ) ) Defendant. ) | Civil Action No. 6: 06-319-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Ford Motor Company's ("Ford") motion for summary judgment. [Record No. 28] The Plaintiff initially filed this action in the Pulaski Circuit Court alleging products liability and state law claims against Ford in connection with the death of Brittney C. Shoap on June 30, 2005. According to the Complaint, the Plaintiff claims that the Ford Mustang at issue was defective in its manufacture, design, marketability, and assembly, and that Ford breached both express and implied warranties and was negligent in causing the death of Ms. Shoap. The Complaint also states claims for violations of the Consumer Protection Act, failure to warn, and punitive/gross negligence damages.

Ford removed the action to this Court on July 21, 2006, on the basis of diversity jurisdiction, and the Court entered a scheduling Order on September 19, 2006. The Order directs, among other things, that the Plaintiff disclose all expert witnesses no later than June 30, 2007. However, as of August 16, 2007, the Plaintiff had failed to disclose any expert witnesses,

-1-

and Ford moved to dismiss the action for failure to comply with the Court's order. [Record No. 22] The Court scheduled a hearing on Ford's motion, and, after a brief continuance, a hearing was held on October 2, 2007. Counsel for Plaintiff failed to appear at the hearing and claimed that he had not received notice of the Court's order. [Record No. 26]

After hearing arguments from counsel for Ford, the Court granted, in part, and denied, in part, Ford's motion to dismiss. The Court held that the Plaintiff would be limited to the expert witnesses who had been properly designated pursuant to Rule 26 and the Court's scheduling Order, but that the motion was denied inasmuch as it requested dismissal of the Plaintiff's claims. The Court further noted that, "[i]n the event the Defendant subsequently moves the Court for entry of Summary Judgment, and the Plaintiff desires to respond with statements and/or reports of expert witnesses, the Plaintiff will be limited to expert witnesses and/or reports that have been properly designated." [Record No. 26]

Subsequently, on November 16, 2007, Ford filed the currently pending motion for summary judgment. Ford asserts that, since the Plaintiff's failure to appear at the October 2, 2007, hearing, Ford has had no contact with Plaintiff's counsel, and the Plaintiff has failed to ever file a report or disclose any expert witnesses. Ford contends that, under Kentucky law, the Plaintiff will be unable to provide any evidence to support the claim that the product was defective or that Ford's actions were the proximate cause of the injury to Ms. Shoap. Citing *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky. 1965), Ford asserts that "Plaintiff is only allowed to proceed without expert testimony 'where the common knowledge or experience of laymen is extensive enough to recognize or infer negligence from the facts.'" According to Ford,

> [t]he issues in this case will center around the design and manufacture of a Ford Mustang and its component parts, including a seatbelt restraint system. It may include issues regarding adequacy of warnings, government regulation of restraint systems and the statistical analysis of benefits offered by the airbag systems versus consequential injuries. Such subjects are obviously far too technical and specialized to fall within the common knowledge or experience of laymen. Consequently, the Plaintiff cannot go forward with her claim, and this Court should grant summary judgment at this time.

[Record No. 28, pp. 3-4]

In considering a party's motion for summary judgment, it is well-established that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Although the moving party has the burden of showing conclusively that no genuine issue of material fact exists, all facts and inferences must be viewed in a light most favorable to the nonmoving party. *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D.Ky. 1993).

However, once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc.*, 830 F. Supp. at 984 (E.D.Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324 ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'").

Here, Ford convincingly argues that it is entitled to judgment as a matter of law because the Plaintiff has failed to make a sufficient showing to establish the existence of an essential element of her case on which she bears the burden of proof at trial. More specifically, the Plaintiff has failed to come forward with expert witnesses to show that Ford's actions were the proximate case of the injuries to the deceased. In fact, the Plaintiff has failed to respond to Ford's motion for summary judgment at all. As previously noted, once a moving party has met its burden of production with respect to a motion for summary judgment, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

In the present case, the Plaintiff has completely failed to respond to Ford's motion, and has failed to meet her burden of showing that a genuine issue of material fact exists for trial. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Ford Motor Company's motion for summary judgment [Record No. 28] is **GRANTED**.

2. The Plaintiff's claims against Defendant Ford Motor Company are **DISMISSED** with prejudice.

This 2nd day of January, 2008.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**